*492 OPINION OF THE COURT
Roger J. Miner, J.
In connection with the construction of Interstate Route 508 in the Town of Duanesburg, Schenectady County, the State of New York appropriated a right of way which provided access to petitioners’ property across lands of Kusek. As the result of that appropriation, the remaining lands of the petitioners, including a partially completed residential dwelling, were landlocked and without legal access. It appears that the dwelling is located approximately 700 feet from the roadbed of Interstate 508. By reason of the filing and service of a certain Map 242, respondent has acquired a temporary easement allowing the demolition of the dwelling structure. The purpose of this proceeding is to prevent that demolition by annulling respondent’s determination relative to the temporary easement.
It is petitioners’ contention that the razing of this building is not necessary for the construction of Interstate 508 or for any purpose relating to the highway construction. According to an affidavit by petitioners’ attorney, the dwelling has a first floor area of approximately 1,500 square feet and a second floor area of approximately 700 square feet, and lacks only a heating and electrical system for completion. The attorney alleges as follows: "There being absolutely no connection between the home and the State highway, (petitioners’ lands do not even abut the State highway) there is absolutely no public purpose to be served by the razing of the home of petitioners.” Consequently, petitioners contend that the acquisition of the temporary easement by respondent "is arbitrary, capricious and an abuse of discretion, in contravention of the authority delegated by the Highway Law, Eminent Domain Procedure Law and the Constitution of the State of New York.”
On behalf of respondent, an affidavit has been submitted by respondent’s regional real estate officer. He alleges that the petitioners’ building, by virtue of its lack of access, "would have become a derelict structure, a fire hazard, and an attractive nuisance in which individuals, and in particular children, might have some time in the future become seriously injured or killed.” He also alleges that petitioners would be exposed to "possible future tort actions” if the building were not razed and that the interest of the State would be served *493 by a total taking of the structure since there was a 90% consequential damage anyway.
The court finds that respondent’s taking of the temporary easement should be annulled by virtue of being arbitrary, capricious and beyond the statutory authority of respondent. The acquisition of property is permitted for purposes of highway construction, including drains, ditches, banks, pits and quarries; for the removal of obstructions and improvement of sight distances; and for the improvement of safety conditions on the State highway system. (Highway Law, § 30, subd 2.) None of these purposes is served by the appropriation subject of this proceeding. (Schulman v People, 10 NY2d 249.) The acquisition of petitioners’ dwelling does not improve safety conditions on the highway or avoid the creation of safety hazards thereon, as contended by respondent. The dwelling is some distance from the highway and respondent may not presume that petitioners will not acquire access from another source. The possible tort liability of petitioners should be of no concern to respondent.
Submit judgment for petitioners.